FILED

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

2013 MAR 19 P 4: 20

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ADELE S. ANGELONE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FINANCIAL RECOVERY SERVICES, INC., and, LVNV FUNDING LLC<br><br>Defendants. | CASE NO. _____<br><br>CA 13- 178ML<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

### INTRODUCTION

Plaintiff, Adele S. Angelone (hereafter also referred to as "Plaintiff" or "Angelone"), brings this action individually as a class action against Financial Recovery Services, Inc. (hereafter also referred to as "FRS") and LVNV FUNDING LLC (hereafter also referred to as "LVNV") (FRS and LVNV hereafter also collectively referred to as "Defendants") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereafter also referred to as "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices in their debt collection activities and also requires debt collectors to provide debtors with certain information.

Specifically, Plaintiff alleges that Defendants are debt collectors who, through debt collection letters, attempted to collect alleged defaulted consumer credit card debt from Plaintiff and the Class by adding and threatening to add an unauthorized "amount of money" in the form of "interest, late charges, and other charges" that was not expressly authorized by the agreement

creating the debt or permitted by law.

Additionally, Plaintiff alleges that Defendants are debt collectors who attempted to collect alleged defaulted consumer credit card debt from Plaintiff and the Class, through debt collection letters, while not registered in the State of Rhode Island as debt collectors pursuant to the Rhode Island Fair Debt Collection Practices Act, R.I.G.L. § 19-14.9-1, *et seq.* (hereafter RIFDCPA)

Plaintiff seeks redress in the form of statutory damages, attorney fees, costs, injunctive relief, declaratory relief, and such other relief at law or equity as the court may deem just and proper on her own behalf and on behalf of the identified Classes against Defendants. Plaintiff alleges the following upon personal knowledge as to her own acts, and upon information and belief based on the investigation conducted by Plaintiff's Counsel, as to all other matters:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, which grants this Court original jurisdiction pursuant to a federal question relating to federal claims herein that arise under the FDCPA. Subject matter jurisdiction also arises under 15 U.S.C. § 1692k(d) of the FDCPA, which indicates that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

2. Venue for this action properly lies in this District pursuant to 28 U.S.C. § 1391(b) as the named Plaintiff resides in this District and Defendants have done business within this District and the conduct complained of took place, via the mails, in this District.

## PARTIES

3. Plaintiff, Adele S. Angelone, is a natural person who at all relevant times relating to the allegations in this class action complaint resided in the State of Rhode Island.

4. Defendant, LVNV, is a Delaware limited liability company.

5. Defendant, FRS, is a Minnesota business entity.

**NATURE AND PURPOSE OF FDCPA**

6. Congress found abundant evidence of "abusive, deceptive, and unfair debt collection practices by debt collectors" and enacted the FDCPA to eliminate such practices.

7. The FDCPA prohibits debt collectors, such as Defendants, from engaging in abusive, deceptive and unfair debt collection practices in their debt collection activities arising from Defendants' improper actions and conduct in connection with the attempt to collect alleged defaulted consumer credit card debt.

8. The FDCPA is a comprehensive statute, which prohibits broad categories of debt collection activities. In addition to broad categories of prohibitions of debt collectors' actions, the FDCPA enumerates several specific actions that debt collectors are prohibited from taking. Additionally, the FDCPA requires debt collectors to provide debtors with certain information.

9. A debt collector violates 15 U.S.C. § 1692e of the FDCPA if the debt collector engages in any "false, deceptive, or misleading representation or means in connection with the collection of any debt," including: falsely representing "the character, amount, or legal status of any debt"; uses any "false representation or deceptive means to collect or attempt to collect any debt; or, communicates "to any person credit information which is known or which should be known to be false."

10. A debt collector violates 15 U.S.C. § 1692f of the FDCPA if the debt collector uses "unfair or unconscionable means to collect or attempt to collect any debt", including "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the

debt or permitted by law."

11. The FDCPA is a strict liability statute, where a consumer does not need to show intentional conduct by a debt collector in order for debt collector liability to arise. The FDCPA is construed liberally in favor of the consumer and is usually interpreted by Courts in accordance with the "least sophisticated" consumer standard.

12. 15 U.S.C. § 1692k of the FDCPA imposes civil liability on any person or entity that violates its provisions and any debt collector who fails to comply with the provisions of the FDCPA can be hald liable for statutory damages, attorney fees and costs.

### REGISTRATION REQUIREMENTS OF THE RIFDCPA

13. Under 19-14.9-3(5) of the RIFDCPA, a debt collector is defined as "any person who uses an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

14. LVNV often purchases, or claims to purchase, or otherwise obtains allegedly defaulted credit card debts from banks months or years after the original credit card bank has charged-off the debts. LVNV is an entity that in the ordinary course of business, regularly collects or attempts to collect, directly or indirectly, consumer debts owed or purported to be owed by consumers to others. LVNV regularly uses the mails to collect debts.

15. FRS is an entity that in the ordinary course of business, regularly collects or attempts to collect, directly or indirectly, consumer debts owed or purported to be owed by consumers to others. FRS regularly uses the mails to collect debts.

16. Under 19-14.9-12 of the RIFDCPA, LVNV and FRS were required to register, pursuant to the registration provision of the RIFDCPA, with the Rhode Island Department of

Business Regulation to act as debt collectors at the time they engaged in debt collection activities in the State of Rhode Island.

## APPLICATION OF THE FDCPA

17. Plaintiff, is a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA and in 19-14.9-3(1) of the RIFDCPA and in 19-14.9-3(1) of the RIFDCPA.

18. Plaintiff incurred consumer credit card debt to GE Capital Credit Card (hereafter also referred to as"GE") relating to consumer purchases primarily for family, personal or household purposes (hereafter also referred to as "debt").

19. Defendant, FRS, is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6) of the FDCPA and in 19-14.9-3(5) of the RIFDCPA.

20. Defendant, LVNV, is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6) of the FDCPA and in 19-14.9-3(5) of the RIFDCPA.

21. Defendants attempted to collect the consumer debt and as such engaged in "communications" as that term is defined in 15 U.S.C. §1692a(2) of the FDCPA.

22. Defendants have acted and continue to act in the business of a debt collector by regularly attempting to collect allegedly defaulted consumer credit card debt against consumers who allegedly owe credit card debt to creditors.

23. FRS and LVNV are debt collectors who, through debt collection letters, unlawfully attempted to collect alleged defaulted consumer credit card debt from Plaintiff and the Classes while not being registered in the State of Rhode Island as debt collectors pursuant to the registration provision of the RIFDCPA, R.I.G.L. § 19-14.9-12.

## TILA REQUIREMENTS

24. Charge-off means that a creditor bank no longer carries the credit card account

receivable on the credit card bank's books as an asset. Under federal regulations, a credit card bank must charge-off a credit card receivable after it has been delinquent for 180 days. See Federal Financial Institutions Examination Council, Uniform Retail Credit Classification and Account Management Policy, 65 Federal Register 36903-36906 (June 12, 2000).

25. Effective February 22, 2010, Regulation Z, which is a regulation issued by the Board of Governors of the Federal Reserve System to implement the federal Truth in Lending Act (15 U.S.C. § 1601 *et seq.*), was amended to require that, after the credit card issuer either deems the debt uncollectible, or delinquency collection proceedings have been instituted, or the account has been charged-off, a credit card issuer must send periodic statements on all accounts, including defaulted accounts, for any period during which fees and/or interest are added to the debt. See 12 C.F.R. § 226.5(b)(2)(i).

26. 12 C.F.R. § 226.5(b)(2)(i) states that: "A periodic statement need not be sent for an account if the creditor deems it uncollectible, if delinquency collection proceedings have been instituted, if the creditor has charged-off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account, or if furnishing the statement would violate federal law."

27. An assignee of a contract takes the contract subject to the defenses which existed against the assignor at the time of the assignment. LVNV, as assignee of the GE credit card contract stands in the shoes of the assignor, GE.

28. Defendants engaged in a practice of attempting to collect from Plaintiff and the Class additional unauthorized "amount of money" during a time period when GE did not send the debtor periodic statements.

29. Defendants knew or should have known that they had no legal right to attempt to

collect the additional amount of money during a time period after GE charged-off Plaintiff and the Class' credit card account where GE did not sent periodic statements to Plaintiff and the Class.

### PLAINTIFF'S EXPERIENCE

30. On or about October 2005, Plaintiff opened a credit card account with GE/Old Navy (hereafter also referred to GE).

31. Plaintiff incurred consumer credit card debt to GE relating to consumer purchases primarily for family, personal or household purposes.

32. GE charged-off the debt that Plaintiff allegedly owed to GE and on or about October 2009, LVNV obtained the account.

33. Plaintiff has not received any periodic statements since at least on or about October 2009 which was after GE charged-off the debt and transferred the debt to LVNV.

34. On information and belief, GE stopped charging interest, late charges and other charges on the account by at least October 2009.

35. GE waived its right to charge and collect post charge-off interest, late charges and other charges on the account by at least October 2009.

36. On March 19, 2012, Defendants mailed a debt collection letter to Plaintiff seeking to recover a purported debt now allegedly owed to LVNV which debt was originally owed to the orignal creditor GE.

37. The amount of the purported debt as indicated in the March 19, 2012 debt collection letter was $ 767.51

38. Plaintiff has not incurred any debt and has not made any payments on the GE account since on or about November of 2007.

39. LVNV reported the debt to Transunion on 10/30/2009 as $ 525.00.

## CLASS ACTION ALLEGATIONS

40. Plaintiff brings the action on behalf of herself and the following defined Classes pursuant to Fed. R. Civ. P. 23:

### CLASSES:

(A) **DEFENDANTS - ADD AND THREATEN TO ADD AN UNAUTHORIZED AMOUNT OF MONEY IN THE FORM OF INTEREST, LATE CHARGES, AND OTHER CHARGES:**

All persons, with addresses in the State of Rhode Island, from whom Defendants in connection with Defendants' actions in their attempts to collect, through debt collection letters, alleged defaulted consumer credit card debt allegedly owed to LVNV, from Plaintiff and the Class by adding and threatening to add an unauthorized "amount of money" in the form of "interest, late charges, and other charges" that was not expressly authorized by the agreement crating the debt or permitted by law, via a form collection letter substantially similar to the form collection letter, attached as Exhibit "A.

(B) **LVNV-FAILURE TO REGISTER:**

All persons, with addresses in the State of Rhode Island, from whom LVNV attempted to collect, through debt collection letters, alleged defaulted consumer credit card debt from Plaintiff and the Class while LVNV was not registerd pursuant to the registration provisions of the RIFDCPA.

(C) **FRS-FAILURE TO REGISTER:**

All persons, with addresses in the State of Rhode Island, from whom FRS attempted to collect, through debt collection letters, alleged defaulted consumer credit card debt from Plaintiff and the Class while FRS was not registerd pursuant to the registration provisions of the RIFDCPA.

41. Excluded from the Classes are Defendants: any parent, subsidiary, or affiliate of Defendants or any employees, officers, or directors of Defendants; legal representatives, successors, or assigns of Defendants; and any justice, judge or magistrate

judge of the United States who may hear the case, and all persons related to any such judicial officer, as defined in 28 U.S.C. § 455(b).

42.     **Numerosity.**  Upon information and belief, the Classes are numerous and dispersed such that joinder of all members is impracticable.  The exact number of Class members of each class is unknown, but can be determined from, including but not limited to, Defendants' computerized and other records.

43.     **Commonality.**     There are questions of law and fact that are common to all members of the Classes which questions predominate over any question affecting only an individual Class member.  The members of the Classes were and continue to be subjected to the same practices of the Defendants.  The common questions and principal common issues raised by Plaintiff's claims include:

    a.     whether Defendants are debt collectors pursuant to the FDCPA;

    b.     whether Defendants are required to register pursuant to the registration provisions of the RIFDCPA;

    c.     whether Defendants routinely attempted to collect alleged defaulted consumer credit card debt while failing to have a valid registration pursuant to the registration provisions of the RIFDCPA;

    d.     whether Defendants by adding and threatening to add an unauthorized "amount of money" in the form of "interest, late charges, and other charges" that was not expressly authorized by the agreement crating the debt or permitted by law, via a form collection letter substantially similar to the form collection letter, attached as Exhibit "A";

    e.     whether Plaintiff and the Classes have been damaged as a result of the alleged

violation of the FDCPA, and if so what is the appropriate damage relief for Defendants' violations;

d. the nature and extent of any other remedies and relief to which Plaintiff and the members of each Class are entitled.

44. **Typicality.** Plaintiff's claims are typical of the claims of all of the other Class members, because his claims are based on the same legal and remedial theories as the claims of the Class and arise from the same course of conduct by Defendants.

45. **Adequacy.** Plaintiff will fairly and adequately protect the interest of all Class members in the prosecution of the action and in the administration of all matters relating to the claim stated herein. Plaintiff is similarly situated with, and has suffered similar injuries as, the members of the Classes she seeks to represent. Plaintiff has retained counsel experienced in handling class action lawsuits. Neither Plaintiff nor her counsel has any interest which might cause them not to vigorously pursue the action.

46. **Superiority.** A class action is superior to other available methods for the fair and efficient adjudication of the controversy, since individual joinder of the members of each Class is impracticable. Even if individual Class members were able to afford individual litigation, it would be unduly burdensome to the Courts in which the individual litigation would proceed. Defendants have subjected the entire Class to the same violations of the FDCPA. Accordingly, class certification is appropriate under Rule 23 because common issues of law and fact regarding Defendants' uniform violations of the FDCPA predominate over individual issues, and class certification is a superior method of resolving these claims. No unusual difficulties are likely to be encountered in the management of the action as a class action. Defendants have acted and

continue to act in a manner that is generally applicable to all members of the Class making final injunctive relief appropriate.

## CAUSES OF ACTION

### Violation of the FDCPA, 15 U.S.C. § 1692e

47.   Plaintiff, on behalf of herself and the Classes, hereby incorporates by reference all the allegations contained in all of the preceding paragraphs of this complaint as though fully stated herein.

48.   A debt collector violates 15 U.S.C. § 1692e of the FDCPA if the debt collector engages in any "false, deceptive, or misleading representation or means in connection with the collection of any debt," including: falsely representing "the character, amount, or legal status of any debt"; uses any "false representation or deceptive means to collect or attempt to collect any debt; or, communicates "to any person credit information which is known or which should be known to be false."

49.   Specifically, in connection with Defendants' actions in their attempts to collect, through debt collection letters, alleged defaulted consumer credit card debt from Plaintiff and the Class by adding and threatening to add an unauthorized "amount of money" in the form of "interest, late charges, and other charges", Defendants used "false, deceptive, or misleading representation or means in connection with the collection of any debt," in violation of 15 U.S.C. § 1692e of the FDCPA.

50.   Specifically, in connection with engaging in debt collection activities in the State of Rhode Island while not registered as debt collectors pursuant to the RIFDCPA, Defendants used "false, deceptive, or misleading representation or means in connection with the collection of any debt," in violation of 15 U.S.C. § 1692e of the FDCPA.

51. A debt collector violates 15 U.S.C. § 1692e(2)(A) of the FDCPA if the debt collector uses any "false, deceptive, or misleading representation or means in connection with the collection of any debt," including, "falsely representing the character, amount, or legal status of any debt."

52. Specifically, in connection with Defendants actions in their attempts to collect, through debt collection letters, alleged defaulted consumer credit card debt from Plaintiff and the Class by adding and threatening to add an unauthorized "amount of money" in the form of "interest, late charges, and other charges", Defendants falsely represented the debt's character, amount, or legal status in violation of 15 U.S.C. § 1692e(2)(A) of the FDCPA.

53. A debt collector violates 15 U.S.C. § 1692e(8) of the FDCPA if the debt collector uses any "false, deceptive, or misleading representation or means in connection with the collection of any debt," including communicating "to any person credit information which is known or which should be known to be false."

54. Specifically, in connection with Defendant's actions in its attempts to collect alleged defaulted consumer credit card debt from Plaintiff and the Class by adding and threatening to add an unauthorized "amount of money" in the form of "interest, late charges, and other charges", Defendant communicated "to any person credit information which is known or which should be known to be false" in violation of 15 U.S.C. § 1692e(8) of the FDCPA.

55. A debt collector violates 15 U.S.C. § 1692e(10) of the FDCPA if the debt collector uses any "false, deceptive, or misleading representation or means in connection with the collection of any debt," including, "any false representation or deceptive means to collect or attempt to collect any debt."

56. Specifically, in connection with Defendants actions in their attempts to collect,

through debt collection letters, alleged defaulted consumer credit card debt from Plaintiff and the Class by adding and threatening to add an unauthorized "amount of money" in the form of "interest, late charges, and other charges", Defendants actions constituted the use of "any false representation or deceptive means to collect or attempt to collect any debt." in violation of 15 U.S.C. § 1692e(10) of the FDCPA. Defendants used false representations and/or deceptive means in an attempt to collect a debt in violation of 15 U.S.C. § 1692e(10) of the FDCPA.

57. Specifically, in connection with engaging in debt collection activities in the State of Rhode Island while not registered as debt collectors pursuant to the RIFDCPA, Defendants actions constituted the use of "any false representation or deceptive means to collect or attempt to collect any debt" in violation of 15 U.S.C. § 1692e(10) of the FDCPA. Defendants used false representations and/or deceptive means in an attempt to collect a debt in violation of 15 U.S.C. § 1692e(10) of the FDCPA.

58. Defendants' routine practice of attempting to collect, through debt collection letters, alleged defaulted consumer credit card debt from Plaintiff and the Class by adding and threatening to add an unauthorized "amount of money" in the form of "interest, late charges, and other charges", Defendants violates 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8), and 1692e(10) of the FDCPA.

59. Defendants actions in connection with engaging in debt collection activities in the State of Rhode Island while not registered as debt collectors pursuant to the RIFDCPA violates 15 U.S.C. §§ 1692e and 15 U.S.C. § 1692e(10) of the FDCPA.

**Violation of the FDCPA, 15 U.S.C. § 1692f**

60. Plaintiff, on behalf of herself and the Class, hereby incorporates by reference all the allegations contained in all of the preceding paragraphs of this complaint as though fully

stated herein.

61. A debt collector violates 15 U.S.C. § 1692f of the FDCPA if the debt collector uses "unfair or unconscionable means to collect or attempt to collect any debt", including "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

62. Specifically, in connection with Defendants actions in their attempts to collect, through debt collection letters, alleged defaulted consumer credit card debt from Plaintiff and the Class by adding and threatening to add an unauthorized "amount of money" in the form of "interest, late charges, and other charges", Defendants used "unfair or unconscionable means to collect or attempt to collect any debt" in violation of 15 U.S.C. § 1692f of the FDCPA.

63. Specifically, in connection with engaging in debt collection activities in the State of Rhode Island while not registered as debt collectors pursuant to the RIFDCPA, Defendants engaged in "unfair or unconscionable means to collect or attempt to collect any debt" in violation of 15 U.S.C. § 1692f of the FDCPA. Defendants violated 15 U.S.C. § 1692f of the FDCPA when Defendants used unconscionable means in an attempt to collect the alleged defaulted consumer credit card debt while failing to have a valid registration pursuant to the Rhode Island Debt Collector Registration Statute. Specifically, in connection with engaging in debt collection activities in the State of Rhode Island while not registered as debt collectors pursuant to the RIFDCPA, Defendants used unfair and unconscionable means in an attempt to collect a debt in violation of 15 U.S.C. § 1692f of the FDCPA.

64. A debt collector violates 15 U.S.C. § 1692f(1) of the FDCPA if the debt collector engages in "the collection of any amount (including any interest, fee, charge, or expense

incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

65. Specifically, in connection with Defendants actions in their attempts to collect, through debt collection letters, alleged defaulted consumer credit card debt from Plaintiff and the Class by adding and threatening to add an unauthorized "amount of money" in the form of "interest, late charges, and other charges" that was not expressly authorized by the agreement creating the debt or permitted by law, Defendants engaged in "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law" in violation of 15 U.S.C. § 1692f(1) of the FDCPA.

66. Defendants' routine practice of attempting to collect, through debt collection letters, alleged defaulted consumer credit card debt from Plaintiff and the Class by adding and threatening to add an unauthorized "amount of money" in the form of "interest, late charges, and other charges" that was not expressly authorized by the agreement creating the debt or permitted by law, Defendants violate 15 U.S.C. §§ 1629f and 1692f(1) of the FDCPA.

67. Defendant's routine practice of engaging in debt collection activities in the State of Rhode Island while not registered as debt collectors pursuant to the RIFDCPA violates 15 U.S.C. §§ 1629f of the FDCPA.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff on behalf of herself and the Class request the following relief:

1. An order certifying that the action is properly brought and may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, that Plaintiff be appointed as Class Representative of the Class, and that Plaintiff's counsel be appointed Class

Counsel;

2. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. An injunction preventing Defendant from continuing the unlawful conduct alleged herein;

4. Declaratory relief;

5. An award of reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

6. Such other relief at law or equity as the court may deem just and proper.

DATED: March 19, 2013.

_____
Peter N. Wasylyk (RI Bar # 3351)
LAW OFFICES OF PETER N. WASYLYK
1307 Chalkstone Avenue
Providence, Rhode Island 02908
401-831-7730 (telephone)
401-861-6064 (facsimile)
E-Mail: pnwlaw@aol.com

John T. Longo, Esq.
RI Bar #4928
Citadel Consumer Litigation, P.C.
681 Smith Street, Suite 201
Providence, RI 02908
(401) 383-7550
Fax (401) 537-9185
jtlongo@citadelpc.com